## George F. Fish, Appellant, *v.* Seaboard Air Line Railway, Respondent.

(Supreme Court, Appellate Term, First Department, February, 1917.)

Carriers — of perishable goods — bills of lading — negligence — damages — trial — evidence — judgments.

At common law a common carrier of perishable goods is only required to use ordinary care in preserving them from injury while *en route.*

Where, however, the goods are in good order when received by the carrier and in bad order when delivered, the burden is on the carrier to show affirmatively that it was not negligent and that it used proper care in its efforts to preserve the goods from injury.

Celery, if properly cared for, may be shipped from Florida to New York city in the ordinary course without suffering material injury, and, if in good order and condition when received on defendant's cars and in bad condition when delivered at its destination, defendant is liable for the damages unless it shows affirmatively that it used reasonable care to protect the celery from injury during transportation; the question, therefore, whether it was in good condition when put on defendant's cars in Florida is material.

On the trial of an action to recover damages to a part of a shipment of celery, plaintiff testified that it was in good condition when shipped and the bills of lading stated that it was received " in apparent good order," but, in contradiction, testimony, which did not sufficiently identify the celery in question, was received, over plaintiff's objection and exception, as to its condition when placed on the cars at the place of shipment. *Held,* that as it was impossible to determine whether a verdict in favor of defendant was rendered because the jury found that the evidence showed that the cars were handled with reasonable care or because the celery was in poor condition when loaded, the court erred in receiving the testimony and in denying a motion to strike it out.

A charge to the jury that in case of perishable goods a common carrier is only liable for deterioration when negligence

is shown in protecting the goods, and a refusal to charge that the burden was on defendant to prove absence of negligence, is error calling for the reversal of a judgment in favor of defendant, as the jury might have considered that plaintiff, who offered no evidence of such negligence, had made out no case against the defendant.

APPEAL by the plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, entered against the plaintiff after a trial before the court and a jury.

Neil P. Cullom, for appellant.

Byrne & Cutcheon (Albridge C. Smith, Jr. and E. Willoughby Middleton, of counsel), for respondent.

WHITAKER, J.  The defendant is a railway corporation.  The action was brought to recover for damages to a part of a shipment of celery contained in three refrigerator cars which were loaded with the celery at Sarasota, Fla., on or about April 16, 1914, and delivered by the railroad company at Jersey City, N. J., on or about April 19, 1914.  The jury rendered a verdict in favor of defendant.

The appellant urges several grounds for reversal of the judgment.  The chief ground is that the defendant was practically an insurer of the safety of the goods and that having received them in good it was required to deliver them in good order.  I think the contention of the plaintiff is incorrect.  The goods were perishable goods subject by their inherent nature after a lapse of time and under certain conditions to deterioration and the defendant was only required to use ordinary care in preserving them from injury while *en route*.  Moore Carriers, 336–356.  If, however, the goods were in good order when received by the carrier and in bad order when delivered, the bur-

den is upon the carrier to show affirmatively that it was not guilty of negligence and that it used proper care in its effort to preserve the goods from injury. The ordinary common-law liability of a common carrier as an insurer does not apply to a carrier " of perishable goods which themselves contain the elements of destruction occasioning their own loss or deterioration." *Philadelphia R. Co.* v. *Diffendorf*, 72 Atl. Rep. 193. This case is harmonious with many other similar cases which it would serve no purpose to discuss at length. *Pa. R. R. Co.* v. *Clark*, 85 Atl. Rep. 613; *Brenson* v. *Penn. Ry. Co.*, 110 N. W. Rep. 362; *Penn. R. Co.* v. *Gerchins*, 68 S. E. Rep. 1110. While no decision in this state has been cited in which this rule is expressly laid down the rule has been followed in *Mynard* v. *Syracuse, Binghamton & N. Y. R. R. Co.*, 71 N. Y. 180; *Cragin* v. *New York C. R. R. Co.*, 51 id. 61; *Sherman* v. *Inman Steamship Co.*, 26 Hun, 107, and other cases at least impliedly approved by our courts.

There was no complaint of delay in delivery of the goods and inasmuch as the uncontradicted evidence discloses that celery may be shipped from Florida to New York in the ordinary course without suffering material injury if properly cared for, I think the law applicable to the present case may be stated as follows: If the celery when received on board the defendant's cars was in good order and condition and when delivered at New York or Jersey City was in bad condition, the defendant would be liable to the plaintiff for such injury, unless the defendant shows affirmatively that it used reasonable care under all the circumstances in its efforts to protect the celery from injury during the transportation. The question whether it was in good condition when put upon defendant's cars at Sarasota is therefore very material.

Upon this question the plaintiff testified positively that the celery was in good condition when shipped. In addition to this evidence on the part of the plaintiff, the bills of lading state that the celery was received " in apparent good order."

To contradict this evidence, defendant read the evidence of the witnesses taken by commission. One of these witnesses by the name of King testified that the celery when loaded on the car was " in bad condition because during the time when it was taken from the fields, packed and shipped, there was an abundance of rain which left the celery wet and infirm." The witness was further asked this question: " Basing your opinion on the experience and on your observation in the course of this experience would you say that this celery was in condition to stand a trip from Sarasota, Florida, to New York? A. No, this celery was bleached and had to be hauled a mile and a half by wagon before being placed in the railway cars and it was bleached at the time it was placed therein, at the same time it was soft."

All this testimony was duly excepted to by the plaintiff and a motion to strike out was denied.

The witness testified before and after the foregoing testimony as follows: " Q. Do you recall the purchase by Mr. W. H. Michael of certain celery shipped from Sarasota, Florida, in F. G. E. cars numbers 18077 and 18568 on April 17, 1914, and in F. G. E. car No. 18681 on April 14th, 1914. A. I do not recall dates of shipment or numbers of railway cars in which such were forwarded but I know that Mr. W. H. Michael did purchase various car-loads of celery in April, 1914. Q. Do you recall the condition of this celery at the time when it was shipped. A. Yes."

The witness was asked: " Do you recall the purchase by Mr. W. H. Michael of certain celery shipped

from Sarasota, Florida, in F. G. E. cars number 18077 and 18568 on April 17th, 1914, and in F. G. E. car 18681 on April 14th, 1914? A. I do not recall dates of shipment or numbers of railway cars in which such shipments were forwarded but I know that W. H. Michael did purchase various car-loads of celery in April, 1914.'' The witness further testified that he did not know whether or not at about the same time W. H. Michael purchased celery which he shipped to George F. Fish of New York in F. G. E. 18483. I think the testimony is entirely insufficient to identify the celery, to the condition of which the witness testified, as the identical celery which is the subject of this suit.

T. A. Albritton, who was examined by commission, testified that the celery was '' nasty, muddy and inferior,'' but failed to identify the celery as the celery in question. The witness testified that he did not recall the circumstances under which the celery in question was shipped nor the cars in which it was shipped; that he made no personal examination of the cars in question.

The plaintiff's counsel duly excepted to the testimony of this witness upon the ground that he failed to identify the celery as the celery in question and moved to strike out the testimony, which motion was denied.

I do not think the testimony of either of these witnesses sufficiently identified the celery in question and that the court erred in receiving it and in refusing to strike it out.

The defendant presented further evidence to show the manner in which the cars were handled while in its charge, but in view of the testimony erroneously admitted as to the condition of the celery when placed on the cars it is impossible to determine whether the jury arrived at its verdict in favor of the defendant

because it found that the evidence showed that the cars were handled with reasonable care or because it found that the celery was in poor condition when loaded.

It seems to me that the court also erred in its charge as to the law applicable to this case.  The court refused to charge that the burden was upon the defendant to prove absense of negligence, but charged the jury that " In case of perishable goods a common carrier is only liable for deterioration when the negligence is shown in protecting the goods."  The defendant's counsel requested the court to charge that " in an action for damages to perishable goods while in the possession of the common carrier the plaintiff must affirmatively prove negligence on the part of the defendant."  The court in reply charged: " I stated to the jury that they must find and be satisfied from all the evidence that the defendant was negligent in the manner in which it carried the celery from the point of shipment to the point of delivery before the plaintiff can recover."

Nowhere did the court charge that the burden was on the defendant to prove absence of negligence, and virtually charged to the contrary.  The jury may well have considered under the charge that the plaintiff was required to prove negligence upon the part of defendant; and inasmuch as the plaintiff offered no evidence of such negligence the jury may very well have considered that plaintiff had made out no case against the defendant.

For these reasons the judgment should be reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

LEHMAN and FINCH, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.